**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | |
| v. | No. |
| MAKSYM OCHERETIANYI, | |
|     Defendant. | |

**COMPLAINT**

The United States of America ("United States"), on behalf of the United States Marshals Service (USMS), by and through its attorneys, states as follows:

**JURSIDICTION**

1.      This is a common law negligence action to recover personal property and related damages arising out an automobile accident.

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345.

**VENUE**

3.      Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b).

4.      Venue is proper in the Alexandria Division pursuant to Local Civil Rule 3(C).

**PARTIES**

5.      Plaintiff is the United States of America ("United States").

6.      Defendant Maksym Ocheretianyi ("Defendant") is a natural person who resides in the City of Alexandria, Virginia within the Eastern District of Virginia.

## STATEMENT OF FACTS

7.      On December 10, 2023, at approximately 5:45 p.m., Defendant was driving  his privately-owned vehicle southbound on Interstate 395 in Alexandria, Virginia.

8.      At the same time, an employee of the USMS, acting within the scope of his employment as a government employee, was driving a government-owned vehicle ("GOV") southbound on Interstate 395.

9.      The USMS employee stopped the GOV due to traffic congestion on southbound Interstate 395.

10.     While the GOV was stopped, Defendant collided with the rear of the GOV with his own vehicle.

11.     When Defendant collided with the GOV, the airbags in both vehicles deployed.

12.     The accident rendered both vehicles inoperable, and both vehicles had to be towed from the scene of the accident.

13.     At the time of the accident, it was raining, and the road conditions were wet.

14.     At the time of the accident, it was dark.

15.     At the time of the accident, the Defendant had a duty to exercise ordinary care in driving his vehicle, including, but not limited to, the duties to (a) keep a proper lookout; (b) keep his vehicle under proper control; (c) not to follow too closely; and (d) operate his vehicle at a reasonable speed under the then existing circumstances and traffic conditions, regardless of any posted speed limit.

## COUNT I

A.      Defendant breached his duty to exercise ordinary care when he collided with the rear of the government-owned vehicle.

B.      Defendant's breach of his duty to exercise ordinary care was the direct and proximate

cause of the accident.

C.      Due to the accident, the United States has suffered property damage to the GOV

including, but not limited to, repair costs and storage fees for the GOV.

        WHEREFORE, the United States prays for judgment against Defendant in an amount to

be determined at trial, plus interest and costs, and for such other relief as this Court may deem

proper.

DATED:        March 28, 2023              Respectfully submitted,

                                          JESSICA D. ABER
                                          United States Attorney

                                   By:    /s/ Matthew J. Troy
                                          Matthew J. Troy
                                          Assistant U.S. Attorney
                                          *Counsel for the United States of America*
                                          2100 Jamieson Avenue
                                          Alexandria, Virginia 22314
                                          Telephone:   (703) 299-3712
                                          Facsimile:   (703) 299-3898
                                          Email:  matthew.troy@usdoj.gov